UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WARD, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| COOK COUNTY, | ) | |
| THOMAS DART, and | ) | Jury Demand |
| WILLIAM PELARENOS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff JASON WARD is a resident of Chicago, Illinois.

5. WARD is a commercial banker in Chicago.

6. At all times relevant to this Complaint, in addition to working full time as a banker, WARD was enrolled in a night M.B.A. program at Roosevelt University in Chicago.

7. Defendant-Officer PELARENOS, Star 398, is a duly appointed and sworn Cook County Sheriff's Police Officer.

8. PELARENOS is sued in his individual capacity.

9. At all times relevant to this Complaint, PELARENOS was acting in the course and scope of employment, and under color of state law, ordinance and/or regulation.

10. Defendant Cook County Sheriff THOMAS DART is the employer and principal of PELARENOS. DART is sued in his official capacity.

11. Defendant COOK COUNTY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is required to indemnify PELARENOS and DART for any judgment for compensatory damages entered against them in this matter.

**Facts**

12. On or about Saturday, October 23, 2010, at about 12:00 a.m., WARD was driving to a bowling alley with his girlfriend Melissa Smith.

13. WARD drove northbound on 1st Avenue in Melrose Park, Illinois.

14. WARD made a left turn onto North Avenue.

15. WARD did not commit any traffic violations.

16. PELARENOS activated his emergency lights.

17. WARD pulled his car over on North Avenue.

18. WARD began to gather his license and registration.

19. PELARENOS approached the car.

20. Without warning, PELARENOS opened WARD'S car door.

21. PELARENOS ordered WARD to get out of the car.

22. WARD got out of the car.

23. PELARENOS searched WARD, including the inside of WARD's pants pockets.

24. No contraband or evidence of criminal activity was found on WARD.

25. PELARENOS accused WARD of driving under the influence.

26. WARD offered to blow into a breathalyzer to prove he was sober.

27. PELARENOS refused to allow WARD to blow into a breathalyzer.

28. PELARENOS ordered WARD to perform field sobriety tests.

29. PELARENOS ordered WARD to walk a straight line on gravel and rocks, on the narrow shoulder of North Avenue, towards oncoming traffic.

30. WARD told PELARENOS that he was concerned about walking close to oncoming traffic and that it was difficult to balance on the uneven shoulder.

31. PELARENOS ordered WARD to comply anyway.

32. WARD complied.

33. PELARENOS screamed at WARD and told him he failed the test because he took too many steps and started walking too soon.

34. WARD again asked if he could blow into a breathalizer to prove he was sober.

35. PELARENOS refused to let WARD blow into a breathalyzer.

36. PELARENOS then ordered WARD to stand on the shoulder of the road, facing oncoming traffic, tilt his head up towards the sky, close his eyes, and touch his nose.

37. WARD was afraid to stand close to oncoming traffic with his eyes closed, but again complied.

38. PELARENOS placed WARD under arrest.

39. PELARENOS put the handcuffs on WARD excessively tight.

40. WARD was taken by another officer to the Cook County Sheriff's Police Department lock-up in Maywood.

41. PELARENOS stayed behind and searched WARD's car.

42. During the search, PELARENOS seized WARD's iPod.

43. WARD's iPod was never inventoried or returned to WARD.

44. PELARENOS ordered WARD to urinate into two cups for laboratory tests.

45. WARD complied.

46. WARDs toxicology report came back negative.

47. As a direct and proximate result of the acts of PELARENOS described above, Plaintiff suffered damages including loss of physical liberty, loss of time, physical pain and suffering, emotional distress, and pecuniary damages including attorneys' fees, money posted for bond, and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure- Stop of Vehicle)

48. Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

49. Once PELARENOS activated his emergency lights, Plaintiff was not free to leave.

50. PELARENOS did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

51. PELARENOS did not have any other legal justification to seize Plaintiff.

52. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer PELARENOS,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

53.    Plaintiff realleges paragraphs 1 through 47 as if fully set forth herein.

54.    PELARENOS intentionally put handcuffs on Plaintiff excessively tight, which caused Plaintiff pain and suffering.

55.    PELARENOS violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant-Officer PELARENOS,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

56.    The acts of Defendant-Officer Pelarenos as described in the above claims were willful and wanton, and committed in the scope of employment.

57.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant COOK COUNTY is liable for any judgments in this case arising from PELARENOS' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant COOK COUNTY to indemnify PELARENOS for any judgment entered in this case arising from his actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence Jackowiak
*Counsel for Plaintiff*

/s/ Sara Garber
*Counsel for Plaintiff*

Lawrence Jackowiak
Sara Garber
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595