**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON WARD, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 8502 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Robert W. Gettleman |
| THOMAS DART, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DART'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, THOMAS DART ("Defendant"), through his attorney, Anita Alvarez, State's Attorney of Cook County, through her assistant, Richard O. Cherry, and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, and moves this Honorable Court to dismiss all claims and stay above Defendant's answer to Plaintiff's Complaint until order of Court. In support of this motion, Defendant states as follows:

**INTRODUCTION**

Plaintiff, Jason Ward ("Plaintiff"), has filed a Complaint ("Complaint") in which he alleges unreasonable search and seizure and excessive force under 42 U.S.C. § 1983. (Compl. Exhibit A). Plaintiff claims that on Saturday, October 23, 2010, he was driving to a bowling alley with his girlfriend Melissa Smith at approximately 12:00 a.m. Plaintiff claims that it was at this time that Cook County Sheriff's Police Officer William Pelarenos, pulled him over for no reason. Plaintiff claims that Officer Pelarenos erroneously accused Plaintiff of driving under the influence, arrested him illegally, and illegally searched his person. In addition, Plaintiff claims that Officer Pelarenos used excessive force by placing hand-cuffs on Plaintiff's wrist too tight.

Defendant now moves for dismissal of Plaintiff's complaint and various counts for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "*raising that possibility above a speculative level.*" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (*emphasis added*). While legal conclusions can provide the framework of a complaint, the legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Furthermore, "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## ARGUMENT

**I.  Plaintiff Has Not Sufficiently Alleged a Cause of Action Against Defendant in His Individual or Official Capacities.**

   **A. Defendant Dart Should Be Dismissed from the Complaint in His Official Capacity.**

Plaintiff has not sufficiently claimed any official liability against Defendant. It is well settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy, or practice. *Monell v. Department of Social Services of*

2

*the City of New York,* 436 U.S. 658, 691, 694 (1978). There are three methods whereby a plaintiff can demonstrate an official policy or custom: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown, 520 U.S. 397, 404* (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981). An official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). In addition, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom, or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Although a plaintiff is not held to a heightened standard of pleading in order to state a *Monell* claim, his official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

In this matter, Plaintiff's complaint does not allege any policy, practice, or custom at all as required in *Monell*. Plaintiff states that Sheriff Tom Dart "is the employer and principal of [Officer] Pelarenos," but does not allege an expressed policy, a widespread practice, or a Constitutional violation caused by any person with final policymaking authority. Defendant is not alleged to have implemented any custom, policy, or practice; therefore, Defendant should be dismissed in his official capacity.

The pleading standard in Rule 8 does not require more than detailed factual allegations,

but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, at 555. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Iqbal*, at 1949.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court held that the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* The Court stated that two principles underlie the holding in *Twombly*. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

Plaintiff does not allege any facts which support the conclusion that Defendant acted with deliberate indifference by maintaining or failing to maintain official policies, procedures, or customs that resulted in Officer Pelarenos's alleged actions. Plaintiff's pleadings are precisely those prohibited by *Iqbal*. Plaintiff has failed to nudge his claims across the line from conceivable to plausible.

**B. Defendant Dart Should Be Dismissed from this Lawsuit in His Individual Capacity.**

Defendant should be dismissed as to his individual capacity. To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). A plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986).

Plaintiff does not support his complaint of deliberate indifference against Defendant with allegations. Plaintiff does not cite any relevant facts supporting a plausible claim for relief. Plaintiff does not describe any participation or conduct by Defendant in the alleged constitutional deprivation. Plaintiff has failed to plead that Defendant had any personal involvement in the unreasonable search and seizure, and excessive force claims. As a result, Plaintiff has not alleged plausible individual liability against Defendant.

Further, the doctrine of *respondeat superio*r does not apply to actions filed under 42 U.S.C. § 1983. See, e.g., *Kinslow v. Pullara*, 538 F. 3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id*. Supervisors cannot be held liable for the errors of the subordinates. *Pacelli v. Devito*, 972 F.2d 871, 877 (7th Cir. 1992). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what them might see." *T.E. v. Grindle*, 599 F. 3d 583, 588 (7th Cir. 2010). There is absolutely no indication that Defendant was personally

5

involved in or even aware of Plaintiff's alleged circumstances. Thus, Defendant should be dismissed.

## II. Any and All Claims for Punitive Damages Against the Defendant in his Official Capacity Should be Dismissed.

Any claims for punitive damages against Defendant in his official capacity should be dismissed. An official capacity suit is tantamount to a claim against the government entity itself. *Guzman*, at 859. A municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, any punitive damages sought against Defendant, by and through official capacity claims against him as an individual defendant, should be dismissed.

## CONCLUSION

WHEREFORE, Defendant Thomas Dart, for all of the foregoing reasons, respectfully requests that this Honorable Court dismiss all claims against him and stay his answer to Plaintiff's Complaint until order of Court and such other relief as this Court deems just and appropriate.

    Respectfully submitted,
    ANITA ALVAREZ
    State's Attorney of Cook County

By: */s/ Richard O. Cherry*
    Richard O. Cherry  #6285913
    Assistant State's Attorney
    Torts / Civil Rights Litigation Section
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-5480